10-470-ag
Guy v. Holder

BIA
Abrams, IJ
A031 227 524

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand eleven.

PRESENT:
        GUIDO CALABRESI,
        ROSEMARY S. POOLER,
        RICHARD C. WESLEY,
                *Circuit Judges.*

_____

LARRY ANTHONY GUY, ALSO KNOWN AS LARRY GREY, ALSO KNOWN AS LARRY CUY,
        *Petitioner,*

        v.                                    10-470-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Linda Kenepaske, New York, New York.

**FOR RESPONDENT:**    Tony West, Assistant Attorney General, Civil Division; Greg D. Mack, Senior Litigation Attorney; Manuel A. Palau, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED.

Petitioner Larry Anthony Guy, a native and citizen of Trinidad and Tobago, seeks review of a January 13, 2010, order of the BIA affirming the August 19, 2009, decision of Immigration Judge ("IJ") Steven R. Abrams, denying his application for withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Larry Anthony Guy* No. A031 227 524 (B.I.A. Jan. 13, 2010), *aff'g* No. A031 227 524 (Immig. Ct. N.Y. City Aug. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Guy argues that his five convictions in New York for selling marijuana are not *per se* particularly serious crimes because they meet the exceptions set forth *Matter of Y-L-*, 23 I.&.N. Dec. 270, 276-77 (A.G. 2002), and that we have

2

jurisdiction to entertain his argument.* *See Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008) (holding that 8 U.S.C. § 1252(a)(2)(B)(ii) did not preclude review of the agency's particularly serious crime determination because the statute does not explicitly place the finding within the Attorney General's discretion). Our Circuit has not, to date, considered whether the convictions at issue constitute particularly serious crimes. Nor do we need to do so now.

The IJ and the BIA premised the denial of Guy's application and dismissal of his appeal on an alternate ground – that Guy had failed to meet his burden of proof with regard to his withholding of removal or CAT claims. Because Guy has been convicted of an aggravated felony, our jurisdiction is limited to constitutional claims or questions of law with regard to the agency's alternate findings. *See* 8 U.S.C. § 1252(a)(2)(C), (D). Guy does not raise any such claims. Thus even if Guy were correct that we have jurisdiction to determine that his criminal record does not reflect convictions for particularly serious crimes, he remains ineligible for relief. Accordingly, we

---

*Between 1995 and 2007, Guy was convicted, on three separate occasions, of Criminal Sale of Marijuana in the Fourth Degree in violation of New York Penal Law § 221.40 and, on two separate occasions, of Criminal Possession of Marijuana in the Fifth Degree in violation of New York Penal Law § 221.10.

DISMISS his petition for review.

For the foregoing reasons, the petition for review is DISMISSED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk